## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **CATHERINE PRESCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:13-cv-00460-JDL** |
| | ) | |
| **RUMFORD HOSPITAL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

A trial was held in this case beginning on October 26, 2015, on Catherine Prescott's claims for unlawful discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.; the Maine Human Rights Act ("MHRA"), 5 M.R.S. § 4551 *et seq*.; and the Rehabilitation Act, 29 U.S.C. § 701 *et seq*.  ECF No. 1.  On October 29, the jury returned a verdict in Prescott's favor on all counts and awarded her $34,285.00 in back pay and $1,400.00 in compensatory damages.  ECF No. 123.

Prescott now seeks an award of attorney's fees in the amount of $154,173.00, ECF No. 149, and costs in the amount of $2,787.95, ECF No. 150.  Rumford Hospital opposes both awards.  ECF No. 151.  For the reasons discussed below, Prescott's Motion for Award of Attorney's Fees is granted in part and her Bill of Costs is granted.

## I. LEGAL STANDARD

The starting point in setting an attorney's fee award is determining the lodestar figure—that is, the number of hours reasonably expended to prosecute the

lawsuit multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *see also Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 295 (1st Cir. 2001).  The fee applicant bears the burden of producing materials that support the request, which should include "counsel's contemporaneous time and billing records, suitably detailed, and information [about] the law firm's standard billing rates." *Hutchinson ex. rel. Julien v. Patrick,* 636 F.3d 1, 13 (1st Cir. 2011) (citations omitted). The party opposing the fee award may submit countervailing evidence.  *Id.* (citing *Foley v. City of Lowell,* 948 F.2d 10, 20–21 (1st Cir. 1991)).  The court "will then calculate the time counsel spent on the case, subtract duplicative, unproductive, or excessive hours, and apply prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved.").  *Id.* (quoting *Gay Officers Action League,* 247 F.3d at 295) (internal quotation marks omitted).

After calculating the lodestar fee, "the trial court has the discretion to adjust the lodestar itself upwards or downwards based on several different factors, including the results obtained, and the time and labor required for the efficacious handling of the matter." *De Jesús Nazario v. Morris-Rodríguez,* 554 F.3d 196, 207 (1st Cir. 2009) (citing *Torres–Rivera v. O'Neill–Cancel,* 524 F.3d 331, 336 (1st Cir. 2008)); *see also, Hensley,* 461 U.S. at 436–37.

## II. LODESTAR CALCULATION

### A. Hourly Rate

Plaintiff's counsel are Chad Hansen and Peter Thompson, both members of the Maine Employee Rights Group, a law firm in Portland, Maine. They have represented Prescott in this case since February 2013. Attorney Hansen has twelve years of experience representing employees in employment discrimination cases, and his hourly rate throughout the case was $300. ECF No. 149 at 9; ECF No. 149-1 at 1. Attorney Thompson has twenty-two years of experience representing employees in employment discrimination cases, and his hourly rate throughout the case was $350 per hour. ECF No. 149 at 9; ECF No. 149-6 at 1. The reasonableness of Attorney Hansen's and Attorney Thompson's hourly rates is supported by the affidavits of Maria Fox, an attorney in the Portland, Maine, law firm Mittel Asen, LLC (ECF No. 149-3); John Gause, a partner in the Bangor, Maine, law firm Eastern Maine Law (ECF No. 149-4); and Jeffrey Neil Young, a partner in the Augusta, Maine, law firm Johnson, Webbert, & Young (ECF No. 149-5).

Rumford Hospital objects to Hansen's and Thompson's hourly rates for two reasons. First, relying upon *Sullivan v. City of Augusta,* 625 F. Supp. 2d 28, 43 (D. Me. 2009), the Hospital argues that Prescott provided insufficient evidence to substantiate that Hansen's and Thompson's $300 and $350 rates, respectively, were actually in effect over the entire course of the litigation, when the work was performed. ECF No. 151 at 7. Yet Prescott has submitted precisely such evidence in the form of Hansen's and Thompson's contemporaneous time records, which reflect that Hansen

3

billed at an hourly rate of $300 when he began work on the case in February 2013 and that Thompson billed at an hourly rate of $350 when he began working on the case in March 2014.  *See* ECF No. 149-2 at 1, 5.

Second, Rumford Hospital argues that Hansen's and Thompson's rates are higher than what Maine-based counsel typically charge to individual plaintiffs on an hourly basis.  ECF No. 151 at 8.  The sole citation in support of this argument is the affidavit of Michael Poulin, one of Rumford Hospital's attorneys and a partner in the Auburn, Maine, law firm Skelton, Taintor & Abbott.  *Id.* at 8 (citing ECF No. 151-1).  In his affidavit, Attorney Poulin states that his hourly rate in this litigation ranged from $265 to $275; that the hourly rate of defense counsel Rebecca Webber, also a partner at Skelton, Taintor & Abbott, ranged from $240 to $250; and that the hourly rate of defense counsel Amy Dieterich, an associate at the same firm, was $210.  ECF No. 151-1 at 1-2.

Although relevant, I am not persuaded that, hourly rates charged by the Hospital's attorneys should control the rate of compensation used to determine the plaintiff's attorney's fees.  Attorney Poulin's affidavit does not address what Maine-based counsel typically charge to employee-plaintiffs, as opposed to institutional employer defendants such as Rumford Hospital.  The Poulin affidavit also does not explain the extent to which the hourly rate charged to Rumford Hospital may reflect by an ongoing professional relationship between his law firm and the Hospital.

This court has concluded in the recent past that a $300 hourly rate for experienced, Maine-based counsel such as Attorney Hansen is reasonable, and I

conclude that $300 per hour is reasonable and appropriate in this case.  *IMS Health Corp. v. Schneider*, 901 F. Supp. 2d 172, 195 (D. Me. 2012).   I also conclude that a higher hourly rate of $350 for Attorney Thompson is reasonable, given his greater experience litigating employment law cases.

Prescott also seeks to collect attorney's fees for the Maine Employee Rights Group's associate attorney, Allison Gray, whose hourly rate is $175; its investigator, Barbara Lelli, whose hourly rate is $165 per hour; and its paralegal, Patricia Rutherford, whose hourly rate is $125.  ECF No. 149 at 10.  Rumford Hospital does not object to Attorney Gray's rate.  *See* ECF No. 151.  It does, however, argue that Rutherford's rate is "substantially in excess of what Maine law firms charge their clients for paralegal services[,]" relying again on Attorney Poulin's affidavit for support.  ECF No. 151 at 8 (citing ECF No. 151-1 at 2).  The Hospital also objects to Lelli's rate, arguing that the work she performed, as described in the time entries for her work, was more in the nature of paralegal work.  *Id.* at 8-9 (citing ECF No. 149-2 at 6, 10, 13, 14, 15, 18, 20).

This court has accepted paralegal rates ranging from $90 to $112 as the prevailing market rate for experienced paralegals in specialized fields such as intellectual property.  *Pearson v. Astrue,* 2012 WL 837243, at *1 (D. Me. Mar. 12, 2012) (discussing prior cases accepting prevailing market rates for paralegals in copyright and patent/trademark cases).  Although Rutherford's affidavit states that she has 22 years of experience focused on employment law, ECF No. 149-8, Prescott offered no record evidence suggesting that the market rate for paralegal services in

employment cases is equivalent to that for intellectual property law, *see* ECF No. 149. Even if she had offered such evidence, $125 is more than the upper range previously identified by this court. *See Pearson,* 2012 WL 837243, at *1. I conclude, therefore, that a downward adjustment in Rutherford's hourly rate is warranted. In *Desena v. Lepage,* 847 F. Supp. 2d 207, 213-14 (D. Me. 2012), a three-judge panel of this court accepted a $95 hourly rate for paralegal work and also made note of a "$100 prevailing rate for experienced specialized paralegals[.]"  Based upon this relatively recent precedent, I set Rutherford's hourly rate at $105, which is the specialized paralegal rate identified in *Desena,* adjusted for inflation. *See* http://www.bls.gov/data/inflation_calculator.htm (reflecting that $100 in 2012 is worth $104.21 in 2016) (lasted visited on June 9, 2016).  This results in a reduction of $260 from Prescott's fee award.

I also conclude that Lelli's work as described in plaintiff's counsel's contemporaneous time records resembles paralegal work more so than any specialized work falling under the rubric of "investigator."  Prescott has submitted no evidence which explains how Lelli's work in this case was more specialized and therefore compensable at a higher rate than paralegal work.  Therefore, I also set Lelli's hourly rate at $105.  This results in a reduction of $1,949.50 from Prescott's fee award.

## B.   Number of Hours

Prescott contends that the hours for which she requests compensation are supported by her attorneys' contemporaneous time records, and that these records

reflect the number of hours reasonably spent on the case.  ECF No. 149 at 6.  She argues that her attorneys spent a substantial amount of time in the case responding to Rumford Hospital's "strategy of challenging Plaintiff at every stage" of the litigation, which increased the amount of time required.  *Id.*  Prescott also asserts that she does not seek compensation for all the time that was spent on work devoted to her failure to hire claims, which she voluntarily dismissed in November 2014, as reflected by certain entries in the contemporaneous time records that are marked "NO CHARGE."  *Id.* at 7.

Rumford Hospital raises several objections to the number of hours for which Prescott requests attorney's fees, each of which is discussed below.

### 1.    Adequacy of the Descriptions of Plaintiff's Counsel's Time Records

Rumford Hospital argues that plaintiff's counsels' contemporaneous time records are insufficiently detailed, making it impossible to ascertain whether the number of hours was unnecessary, unreasonable, or duplicative and therefore justifying a reduction in the fee award.  ECF No. 151 at 9 (citing *Nkihtaqmikon v. Bureau of Indian Affairs,* 723 F. Supp. 2d 272, 289 (D. Me. 2010) (noting that a court may "discount or disallow" hours where the "time records are too generic[.]")).  More specifically, the Hospital objects to Attorney Thompson's $16,870 total fees, or 48.2 hours, spent on "[t]rial prep.[,]" and contends that a more detailed description is necessary in order to determine whether such fees can be justified, particularly in light of what it describes as his "minimal participation at trial[.]"  *Id.* (citing ECF No. 149-2 at 15-18).  Prescott counters that Attorney Thompson "handled the

examinations of the majority of witnesses in this case including the examination of each of [Rumford Hospital's] managers[,]" and that three days of preparation before trial and an average of four hours of preparation per day during the trial is a reasonable amount of time.  ECF No. 153 at 4 n.6.  Prescott also contends that the description "[t]rial prep." meets the requirement that counsel identify the general subject matter of time expenditures.  *Id.*

I conclude that 48.2 hours to prepare to question four hostile witnesses is a reasonable amount of time.  While the reference to "[t]rial prep." in plaintiff's counsel's contemporaneous time records is obviously lacking in detail, *see Mason v. Me. Dep't of Corr.,* 387 F. Supp. 2d 57, 61 (D. Me. 2005), I will not reduce the number of hours in light of the fact that Prescott's reply brief presented a more detailed explanation of these hours, ECF No. 153 at 4 n.6.  I do not find fault with the descriptions contained in the remainder of plaintiff's counsel's contemporaneous time records.

### 2.    Alleged Duplicative Attendance at Depositions

Rumford Hospital argues that it was unnecessary for Attorney Hansen to attend the July 30, 2014, depositions of Joette Carlton and Diane York because all questioning was done by Attorney Thompson.  ECF No. 151 at 10-11.  It disputes the 5.8 hours that Attorney Hansen billed for his attendance and argues that "[c]ourts have disallowed fees incurred for depositions in which an attorney did not actually participate[.]"  *Id.* (citing *Weinberger v. Great N. Nekoosa Corp.,* 801 F. Supp. 804, 821 (D. Me. 1992)).  Prescott argues that Attorney Hansen did more than merely

attend the depositions; she asserts that he "spent time preparing for the depositions . . . took notes, handed notes to Attorney Thompson throughout the deposition with follow up questions . . . [and] during breaks in the deposition . . . discussed the testimony and strategized regarding the best approach for additional questions." ECF No. 153 at 5 n.8.

Rumford Hospital's citation of *Weinberger* is unpersuasive because the facts of that case are not analogous to those present here.  In *Weinberger,* the court disallowed over $100,000 worth of deposition-related attorney's fees because plaintiff's counsel, which was comprised of 16 law firms, did not ask questions in 16 of the 26 depositions that took place and asked fewer than 15 questions in eight of the remaining ones. *Weinberger,* 801 F. Supp. at 806, 820-21.  Nowhere in the court's ruling in *Weinberger* is it suggested that having co-counsel appear to assist in drafting follow-up questions or discuss testimony and strategy during breaks is wasteful and unnecessary.  *See id.* Rather, the court was referring more generally to the lack of participation by such a large contingent of attorneys over the course of dozens of depositions, who nonetheless charged a total of $127,596.73 for their time.  *See id.* at 820.  I therefore deny Rumford Hospital's request to disallow Attorney Hansen's 5.8 hours.

Rumford Hospital also objects to plaintiff's counsel having billed for 21 hours of Lelli's time devoted to preparing summaries of depositions taken by Attorneys Hansen and Thompson.  ECF No. 151 at 10.  Given that electronic versions of transcripts are searchable by keyword, I agree that this amount of time spent summarizing the depositions is excessive and unnecessary, and I therefore reduce

Lelli's billed time for preparation of deposition summaries by half, to 10.5 hours. This results in a reduction in Prescott's fee award of $1,102.50. I also disallow 0.2 hours of Rutherford's time for what appears to be a duplicate entry. *See* ECF No. 149-2 at 5 (two entries on April 7, 2014, for 0.20 hours reflecting a letter to client with deposition transcript). This results in a reduction of $21 from Prescott's fee award.

### 3.   Motion to Amend Scheduling Order

Rumford Hospital requests that I reduce Prescott's attorney's fee award by $997.50 representing the time spent by plaintiff's counsel on her May 2014 Motion to Amend the Scheduling Order (ECF No. 9). ECF No. 151 at 11. The Hospital claims that, although Prescott was granted permission to take ten additional depositions as a result of the motion, she never did. *Id*. Therefore, the Hospital argues, "[t]he time spent on this motion was unnecessary and did nothing to advance the claims eventually litigated at trial." *Id*.

In light of my reduction of fees, below, to account for time spent on Prescott's failure to hire claims, Rumford Hospital's request is denied.

### 4.   Focus Group

Rumford Hospital argues that the time spent by Attorneys Hansen and Thompson conducting a focus group on October 23, 2015, should be disallowed as "unnecessary and unreasonable in a straightforward case such as Plaintiff's." *Id*. The Hospital also objects that plaintiff's counsel's contemporaneous time records fail to distinguish between the focus group and other trial preparation work performed on that day. *Id*. at 11 & n.2. Prescott counters that the majority of courts that have

considered this issue have determined that time and costs associated with focus groups are compensable.  ECF No. 153 at 7 n.10 (string cite omitted).

In light of the jury's verdict in this case, the time spent by plaintiff's counsel on the focus group was productive.  *See Trainor v. HEI Hospitality LLC,* 2012 WL 119597, at *10 (D. Mass. Jan. 13, 2012), *affirmed in part, vacated in part on other grounds by Trainor v. HEI Hospitality LLC,* 699 F.3d 19 (1st Cir. 2012)).  I conclude, therefore, that plaintiff's counsel's time in relation to the focus group is compensable.

### 5.    Motions in Limine

Rumford Hospital seeks to deduct approximately $3,500 from Prescott's attorney's fee award to reflect the fact that only one of the four motions in limine that she filed was successful.[1]  ECF No. 151 at 12.  The request is denied because the Hospital has identified no legal support for disallowing time spent on a motion written and filed before trial that, in hindsight, proved unsuccessful or not to have been instrumental in the outcome of the trial.  Furthermore, Rumford Hospital understates Prescott's success with regard to her motions in limine.  While only one of Prescott's motions was granted, only one was denied and I reserved ruling on Prescott's other two motions in limine.  *See* ECF No. 113.

Rumford Hospital also argues that the $3,500 should be deducted from Prescott's attorney's fee award because, after filing a motion in limine to exclude three defense witnesses from trial, Prescott actually put the same three witnesses on

---

[1]  Rumford Hospital does not allege how many hours were spent on the motions in limine, claiming that "counsel's block billing method makes accurate assessment of how much time was spent on these failed motions impossible[.]"  ECF No. 151 at 12 n.3.

her witness list.  ECF No. 151 at 12.  Prescott counters that the purpose of her motion in limine was to exclude inadmissible character and hearsay evidence from the three witnesses,[2] but that she also listed them to testify on other issues, such as the availability of *per diem* shifts.  ECF No. 153 at 7 n.11.

Ultimately, neither party called any of these three witnesses at trial, with Prescott deciding that their testimony on factual issues was not necessary.  *Id.*; ECF No. 151 at 12.  Because the purpose of Prescott's motion in limine was to exclude Rumford Hospital's reputational witnesses, ECF No. 113 at 1, ¶ 4, and because I reserved ruling on the motion rather than denying it, I deny the Hospital's request to deduct attorney's fees for time spent on the motion in limine.

## C.      Requested Reduction for Results Obtained

Rumford Hospital contends that Prescott's failure to hire claims, which were voluntarily dismissed in November 2014, *see* ECF No. 38, amounted to 72 separate claims, as they were originally presented in Prescott's complaint to the Maine Human Rights Commission.  ECF No. 151 at 3-4.  By this measure, the Hospital contends, Prescott was successful on only "three of the 75 claims asserted in this matter—four percent of her claims."  *Id.* at 13.  The Hospital also argues that each of these claims must be treated as if raised in separate complaints, and that attorney's fees should be disallowed for the unsuccessful claims.  *Id.* (citing *Hensley,* 461 U.S. at 435).  Rumford Hospital also claims that Prescott should not recover $1,050 in attorney's fees for work related to the stipulations dismissing the failure to hire claims.  *Id.*

---

[2] The three witnesses in question were Michelle Carignan, Brenda Duguay, and Dale Gaudreau.

Rumford Hospital's characterization of Prescott as being successful on only four percent of her claims seems to offer a rationale for reducing the requested fee award by as much as 96 percent without explicitly requesting that the court do so. *See id.* But this rationale depends on the Hospital's unsupportable assertion that Prescott's Complaint contains 72 separate failure to hire claims. The Complaint states a total of six claims: three counts of Unlawful Discrimination under the ADA, MHRA, and Rehabilitation Act, respectively, and three counts of Failure to Accommodate under the ADA, MHRA, and Rehabilitation Act, respectively. ECF No. 1 at 11-12. I interpret Prescott's reference to "six failure to hire claims" to mean that the failure to hire claims were pleaded as part of each individual count. ECF No. 153 at 2 n.2. Viewed in this light, Prescott's voluntarily-dismissed failure to hire claims do not constitute 96 percent of her claims, and a reduction of the magnitude sought by the Hospital is not justified.

On the other hand, I am not persuaded that Prescott's failure to hire claims were sufficiently interconnected with her unlawful termination and reasonable accommodation claims that a full recovery of attorney's fees is warranted. The failure to hire claims are factually distinct from her unlawful termination and failure to accommodate claims insofar as Rumford Hospital rejected Prescott's applications for employment weeks and months after she was terminated on December 6, 2012. *See* ECF No. 1 at 6-8. Moreover, based upon the parties' Local Rule 56(h) Pre-Conference Filing Memoranda, there was a dispute as to whether the people who were involved in the decision to terminate Prescott were the same people who were involved in the

decision to reject her later applications for employment. *See* ECF No. 27 at 4-5; ECF No. 29 at 3, 7.

Also unpersuasive is Prescott's representation that plaintiff's counsel has already omitted the fees related to the failure to hire claims. *See* ECF No. 153 at 3. The total reduction in fees that is reflected by the entries marked "NO CHARGE" in plaintiff's counsels' time records amounts to $3,072.50, representing 8.2 hours of Attorney Hansen's time and 3.5 hours of Attorney Gray's time. *See id.*; ECF No. 149 at 7; ECF No. 149-2 at 1-5, 7. These hours are implausibly low, given that Prescott litigated the failure to hire claims beginning in February 2013, shortly before she filed her Charge of Discrimination with the Maine Human Rights Commission, *see* ECF No. 149 at 1, and did not dismiss them until November 14, 2014,[3] *see* ECF No. 153 at 3. Moreover, the descriptions accompanying each "NO CHARGE" entry do not suggest that the work in question related exclusively to the failure to hire claims. *See* ECF No. 149-2 at 1-5, 7.

Because "[t]he fee award . . . should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief[,]" *IMS Health Corp.*, 901 F. Supp. 2d at 189, a downward adjustment in Prescott's requested fee award is appropriate so that it reflects "only time spent in pursuit of the claim[s] on which [Prescott] prevailed[,]" *Diaz v. Jiten Hotel Mgmt., Inc.*, 741 F.3d 170, 179 (1st Cir. 2013). Therefore, Prescott's attorney's fees award is adjusted downward as follows:

---

[3] Although Prescott identifies November 17, 2014, as the cut-off date for fees related to her failure to hire claims, ECF No. 153 at 3, the docket shows that the failure to hire claims were dismissed on November 14, 2014. In calculating the fee award, I use this latter date as the cut-off for attorney's fees related to Prescott's failure to hire claims.

fees for work performed between February 2013, shortly before Prescott filed her Charge of Discrimination with the Maine Human Rights Commission, and November 14, 2014, when she voluntarily terminated her failure to hire claims, are reduced by 30 percent, [4] or $9,530.25.[5]  *See* ECF No. 149 at 1; *see also* ECF No. 38.  There is no downward adjustment to plaintiff's counsels' fees for work performed November 14, 2014 and thereafter.

**D.    Bill of Costs**

Prescott submitted her Bill of Costs on the court's own form, but did not submit a supporting memorandum as required by Local Rule 54.3.   *See* ECF No. 150.  Rumford Hospital objects that the Bill of Costs is deficient because it lacks this supporting documentation.  ECF No. 151 at 15-16.  Because Prescott filed supporting documentation with the Bill of Costs, ECF No. 150 at 3, the Hospital's objection is overruled and costs are taxed in the amount of $2,787.95.

---

[4]  Before reducing this amount by 30 percent, I first reduce three individual line items relating to plaintiff's counsels' travel time.  Although there is no "hard-and-fast rule" establishing the appropriate billing rate for attorney travel time, "compensation for such time ordinarily is calculated at an hourly rate lower than that which applies to the attorney's substantive labors[.]"  *Hutchinson ex rel. Julien,* 636 F.3d at 15. However, on two of the dates in question, plaintiff's counsel did not separate their travel time from the other time expended.  I therefore deduct two hours from Attorney Hansen's October 24, 2013, entry to reflect travel time to and from the Maine Human Rights Commission in Augusta, Maine.  ECF No. 149-2 at 3.  The request for $1,050 therefore is reduced to $450.  *See id.*  I also deduct 2 hours from Attorney Thompson's entry for March 31, 2014, to reflect travel time to and from Lewiston.  *Id.* at 5.  Therefore, the request for $1,750 is reduced to $1,050.  *See id.*  Attorney Hansen's travel time on October 14, 2014, was recorded separately from the time he recorded for depositions.  *Id.* at 9.  The total reduction in travel time is $1,300.

[5]  In view of this reduction, Rumford Hospital's separate request that I deduct $1,050 from Prescott's fee award, ECF No. 151 at 13, is denied as moot.

## III. CONCLUSION

For the foregoing reasons, Prescott's Motion for Award of Attorney's Fees (ECF No. 149) is **GRANTED IN PART**.  The total award of attorney's fees is $140,010.25, reflecting a total downward adjustment of $14,162.75 to the requested fee, as follows[6]:

- $1,300 deducted from attorney's fees requested for travel time;

- $1,949.50 deducted as a result of adjusting Barbara Lelli's hourly rate to $105;

- $260 deducted as a result of adjusting Patricia Rutherford's hourly rate to $105;

- $21 deducted as a result of a double entry by Patricia Rutherford;

- $1,102.50 deducted from fees requested for Barbara Lelli's preparation of deposition summaries;

- $9,530.25 deducted as a 30% reduction of attorney's fees for the time period between February 4, 2013, and November 14, 2014, to account for the voluntary dismissal of Prescott's failure to hire claims.

Prescott's Bill of Costs (ECF No. 150) is **GRANTED** in the amount of $2,787.95.

**SO ORDERED.**

**Dated this 17th day of June 2016.**


                                            **JON D. LEVY**
                                 **U.S. DISTRICT JUDGE**

---

[6] The sum of deductions, above, equals $14,163.25.  The total downward adjustment, however, is $14,162.75.  There is a difference of 50 cents between these two figures, which is accounted for by the fact that Prescott requested $154,173.00 in attorney's fees while plaintiff's counsels' contemporaneous time records reflect a total that is $0.50 greater, or $154,173.50.